UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| versus | CASE NO. 24-105 |
| RYAN J. HARRIS, ET AL | SECTION: "D" (1) |

**SUPPLEMENTAL AND REPLY MEMORANDUM IN SUPPORT OF
MOTION TO SEVER TRIAL AND DEFENDANTS
ON BEHALF OF JASON F. GILES AND THE KING LAW FIRM, LLC**

Defendants, JASON F. GILES ("Giles) and THE KING FIRM, LLC ("King Firm"), respectfully submit their supplemental and reply memorandum in support of their *Motion to Sever Trial and Defendants*, which is currently scheduled for hearing on May 27, 2025.

Joinder is not proper as there is not one overarching conspiracy, but rather, multiple alleged conspiracies. In its opposition, the Government refers to and discusses at length the acts and accidents involving Damien Labeaud, Roderick Hickman, and Patrick Keating, who are the main Government witnesses against Giles and the King Firm, and are not needed in a trial of the separate Garrison/Harris/Alfortish/Motta conspiracy. This is, by the Government's own admission, a separate conspiracy from all defendants in the current Indictment. In fact, there is no actual evidence connecting these two conspiracies (Labeaud/Hickman conspiracy vs. Garrison/Harris conspiracy).

The main issue is whether Giles and the King Firm were involved in an alleged conspiracy with Cornelius Garrison ("Garrison") in the staging of 18-wheeler accidents, and, specifically, in the current Indictment, in a case with Leon Parker ("Parker"), and another case with Carl Morgan ("Morgan"). The first allegations of any conspiracy between Garrison, Giles, and the King Firm were based upon the 302 statements of the deceased Garrison, which the Government acknowledges are inadmissible as to Giles and the King Firm. Now, in light of Ryan Harris' ("Harris") recent plea and factual basis with only general and vague statements, the Government alleges that Giles and the King Firm were in a conspiracy with Garrison. Very importantly, Garrison, through inadmissible 302 statements, claimed he was sending 20-30 cases a month to Giles and the King Firm and being paid by them, but in the years of records and thousands of phone records produced, there are zero phone calls, text messages, or other communications between Garrison and Giles *or* Harris and Giles.

As stated above, the Government relies on Leon Parker to attempt to connect Giles to a conspiracy with Garrison. However, no actual evidence supports this position. Leon Parker specifically told the King Firm associate lawyer working on the Leon Parker case that Garrison did not refer him to the King Firm, and that his accident was not staged. Giles and the King Firm will submit at the hearing of this matter a text message and audio recording confirming that very fact. Again, there are no phone calls, text messages, or other communications between Garrison and Giles or the King Firm. Furthermore, any phone records between Garrison and

Parker are of no moment. The issue is not whether Garrison and Parker staged the accident, but whether Garrison referred the staged case to the King Firm and whether they had actual knowledge that it was staged. This Honorable Court will see and hear the actual words of Parker that will demonstrate that Garrison did not refer the case to Giles or the King Firm, and they had no knowledge it was staged.

Additionally, as to Carl Morgan, he initially hired the King Firm and then fired them very soon thereafter and went to Motta Law. Morgan's initial intake sheet with the King Firm clearly provides that he was referred by "Spider," whose real name is Ernest Castle. Said intake sheet will be submitted at the hearing of this matter. Again, there are no phone calls, text messages, or other communications between Garrison and Giles or the King Firm. Giles and the King Firm had no knowledge that this accident, or any other accident, was staged.

Lastly, as admitted by the Government, Giles and the King Firm had zero involvement with the alleged murder in this matter. That fact alone is enough to sever Giles and the King Firm from Alfortish and Parker, and anyone else connected to or alleged to have known about the plot to murder Garrison. Simply put, the fraud charges against Giles and the King Firm do not belong in and alongside a murder trial, and Giles and the King Firm also maintain their rights to a speedy trial.

Under Rule 8, joinder of Giles and the King Firm is improper, and under Rule 14, the joinder of Giles and the King Firm is prejudicial. Accordingly, defendants, Jason F. Giles and The King Law Firm, LLC, respectfully request that any trial

against them be severed from the other defendants, and that a separate trial be held exclusively for Giles and the King Firm.

Respectfully submitted,

LAW OFFICE OF DAVID I. COURCELLE, LLC
3500 N. Causeway Blvd., Suite 185
Metairie, Louisiana 70002
Telephone: (504) 828-1315
Telecopier: (504) 828-1379

By: */s/ Scott C. Stansbury*
DAVID I. COURCELLE (La. Bar No. 23696)
SCOTT C. STANSBURY (La. Bar No. 34777)
dcourcelle@courcellelaw.com
sstansbury@courcellelaw.com
*Attorneys for defendant, Jason F. Giles and The King Firm, LLC*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| versus | CASE NO. 24-105 |
| RYAN J. HARRIS, ET AL | SECTION: "D" (1) |

CERTIFICATE OF SERVICE

      I hereby certify that on May 23, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties who have registered to receive electronic notification.

                                          */s/ Scott C. Stansbury*
                                          SCOTT C. STANSBURY
                                          Louisiana Bar No. 34777
                                          Attorney for defendant, Jason F. Giles and
                                          The King Law Firm, LLC
                                          LAW OFFICE OF DAVID I. COURCELLE, LLC
                                          3500 N. Causeway Blvd., Suite 185
                                          Metairie, Louisiana  70002
                                          Telephone:  (504) 828-1315
                                          Telecopier:  (504) 828-1379