UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-105 |
| RYAN J. HARRIS, ET AL. | SECTION: D (1)<br>This Order applies to all defendants except for Ryan Harris and Jovanna R. Gardner |

### ORDER AND REASONS

Before the Court is a Motion for Pre-Trial Hearing, Advance Proffer, and Ruling on the Admissibility of Alleged Co-Conspirator Statements on Behalf of Jason F. Giles and the King Law Firm, LLC.[1] The Government opposes the Motion.[2]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I.  FACTUAL AND PROCEDURAL BACKGROUND[3]

On April 25, 2025, the grand jury in the United States District Court for the Eastern District of Louisiana returned a second superseding indictment in this case charging Sean D. Alfortish, Vanessa Motta, Motta Law, LLC, Jason F. Giles, The King Firm, LLC (the "King Firm"), Leon M. Parker, Diaminike F. Stalbert, Carl G. Morgan, and Timara N. Lawrence with various counts arising from a years-long scheme to stage fake automobile collisions in the New Orleans metropolitan area and

---

[1] R. Doc. 280.
[2] R. Doc. 322.
[3] In the interest of judicial economy, and because the factual and procedural history of this case was set out in great detail in the Court's July 25, 2025 Order and Reasons (R. Doc. 357), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

file fraudulent insurance claims and fraudulent lawsuits based on the staged collisions, as well as the September 22, 2020 murder of Cornelius Garrison.[4] On September 18, 2020, four days before his murder, a federal grand jury in the Eastern District of Louisiana charged Garrison and eight codefendants in a seven-count indictment related to staged automobile collisions in a matter styled *United States v. Cornelius Garrison, et al*.[5] The Government contends that Garrison began covertly cooperating with the federal government concerning the staged collision scheme in October 2019, and that his indictment contained information that he provided over the course of his cooperation in the federal criminal investigation.[6] The Government's theory in this case, at least with respect to Garrison's murder, is that Alfortish and Parker conspired to murder Garrison in retaliation for his past cooperation with law enforcement and to prevent him from otherwise cooperating with law enforcement.[7]

In the instant Motion, Giles and the King Firm request a pre-trial evidentiary hearing to determine the admissibility of coconspirator statements that were made by Garrison to defendant, Ryan Harris,[8] under the hearsay exception set forth in

---

[4] R. Doc. 256.
[5] *See* R. Doc. 1 in *United States of America v. Cornelius Garrison, et al.*, Crim. A. No. 20-92-SSV-KWR (E.D. La.) (hereafter, the *Garrison* matter").
[6] R. Doc. 256 at p. 3, ¶ 10 & p. 20, ¶ 3.
[7] *Id*. at pp. 20–23.
[8] On May 3, 2024, the grand jury returned an indictment in this case, initially under seal, charging Ryan J. Harris and Jovanna R. Gardner in a five-count indictment related to the staged automobile collisions and Garrison's murder. R. Doc. 1. The Government filed a superseding bill of information for conspiracy to commit witness tampering as to Gardner on June 18, 2024, and she entered a guilty plea that same day. R. Docs. 45 & 46. Gardner is currently awaiting sentencing. R. Doc. 447. On December 6, 2024, the Government filed a ten-count superseding indictment charging Harris, Alfortish, Motta, Motta Law, Giles, the King Firm, Parker, Stalbert, Morgan, and Lawrence with various crimes related to the staged automobile collision scheme and Garrison's murder. R. Doc. 78. On January 13, 2025, the Government filed a superseding bill of information as to Harris, charging him with conspiracy to commit mail and wire fraud, wire fraud, and causing death through the use of

Federal Rule of Evidence 801(d)(2)(E).[9] Giles and the King Firm claim that they have requested that the Government provide any statements by Garrison that it intends to admit at trial against them, but that the Government has denied that request.[10] Giles and the King Firm point out that the district court decides preliminary questions as to the admissibility of evidence under Fed. R. Evid. 104(a) and (c), and that a pre-trial hearing will avoid substantial prejudice to the defendants.[11] Giles and the King Firm contend that a pre-trial hearing will afford them the opportunity to present any evidence in rebuttal of the conspiracy presented by the Government and will promote the conservation of judicial resources.[12]

Giles and the King Firm further assert that at the pre-trial hearing, the Government has the burden to prove, by a preponderance of the evidence, that: (1) a conspiracy existed as alleged in count one of the second superseding indictment; (2) Giles and the coconspirator whose statements are being offered against him were members of the alleged conspiracy at the time the declaration was made; and (3) the statements were made during the course of and in furtherance of the conspiracy.[13] Giles and the King Firm claim that a declarant's statements, alone, cannot satisfy the preponderance of the evidence standard and that there must be some independent

---

a firearm. R. Doc. 180. Harris entered a guilty plea as to all three counts of the superseding bill of information on January 16, 2025 and is awaiting sentencing. R. Docs. 182 & 395.

[9] R. Doc. 280. Although not mentioned in their Motion, Giles and the King Firm filed this Motion in response to the Government's Motion to Admit Statements Under the Forfeiture by Wrongdoing Exception (R. Doc. 227), wherein the Government seeks to introduce at trial, among other things, statements made by Garrison to Harris pursuant to the hearsay exception in Fed. R. Evid. 801(d)(2)(E). *See* R. Doc. 227-1 at pp. 22–24.
[10] R. Doc. 280-1 at p. 2.
[11] *Id.*
[12] *Id.* at p. 3.
[13] *Id.* (citing *Bourjaily v. United States*, 483 U.S. 171, 97 L.Ed.2d 144, 107 S.Ct. 2775 (1987)).

corroboration to support admission.[14] Giles and the King Firm assert that the Court should require the Government to provide the alleged coconspirator statements and prove that the requirements for admission exist before admitting any of the statements.[15] Giles and the King Firm further assert that evidence admissible under Rule 801(d)(2)(E) may nonetheless be inadmissible under the Sixth Amendment's confrontation clause or under Fed. R. Evid. 403.[16]

The Government argues that the Motion should be denied because holding an unnecessary and time-consuming pre-trial hearing is impractical and wasteful, as it would require the Court to hear much of the trial evidence twice.[17] The Government avers that Garrison was a slammer who directed passengers to Giles and the King Firm, among others, and that Giles also paid slammers, Damian Labeaud and Roderick Hickman, to bring staged collisions to the King Firm.[18] The Government claims that the Fifth Circuit held in *United States v. James* that coconspirators' statements are admissible under the hearsay exception in Rule 801(d)(2)(E) only if substantial independent evidence of a conspiracy exists.[19] The Government contends that the Fifth Circuit has further held that, "[a] *James* hearing, conducted outside the presence of the jury, is one potential method by which the district court may ensure the government can satisfy the predicate facts needed to prove the conspiracy

---

[14] R. Doc. 280-1 at p. 4 (quoting *United States v. Diaz*, 670 F.3d 332 (1st Cir. 2020)) (citation modified).
[15] R. Doc. 280-1 at p. 4.
[16] *Id.* at p. 5.
[17] R. Doc. 322 at p. 1.
[18] *Id.* at pp. 1–2 (*citing* R. Doc. 256 at pp. 2–6).
[19] R. Doc. 322 at p. 2 (citing *James*, 590 F.2d 575, 581 (5th Cir. 1991)).

independent [sic] the statements."[20]  The Government points out that the Fifth Circuit has approved the deferral of a *James* ruling until the close of the government's case.[21]  The Government asserts that the instant Motion requesting a *James* hearing should be denied because the Court can review challenges to the admission of coconspirator statements after hearing the evidence at trial.[22]  The Government contends that district courts in this Circuit routinely deny requests for pre-trial *James* hearings because they would be unnecessary and time-consuming mini-trials.[23]

## II.  LAW AND ANALYSIS

Under the Federal Rules of Evidence, hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[24]  Federal Rule of Evidence 801(d)(2)(E) further provides that a statement is not hearsay if it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy."[25]  The Fifth Circuit has held that to introduce a coconspirator statement, the government must prove by a

---

[20] R. Doc. 322 at p. 2 (quoting *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (citing *James*, 590 F.2d at 581)).
[21] R. Doc. 322 at p. 3 (citing *United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992)).
[22] R. Doc. 322 at p. 3.
[23] *Id.* (citing *United States v. Fatty*, Crim. A. No. 17-161, 2018 WL 2219387, at *2 (E.D. La. May 15, 2018) (Africk, J.); *United States v. Stroud*, Crim. A. No. 3:19-CR-00439-X, 2022 WL 1063029, at *2 (N.D. Tex. Apr. 8, 2022) (Starr, J.); *United States v. Fleifel*, Crim. A. No. 3:12-CR-318-D(3), 2014 WL 663309 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.); *United States v. Roberts*, Crim. A. No. 4:20-cr-00314, 2022 WL 17834053, at *6 (E.D. Tex. Dec. 21, 2022) (Mazzant, J.); *United States v. Dahab*, Crim. A. No. 1:08cr29-HSO-JMR, 2008 WL 2061149, at *2 (S.D. Miss. May 8, 2008) (Ozerden, J.)).
[24] Fed. R. Evid. 801(c).
[25] Fed. R. Evid. 801(d)(2)(E).

preponderance of the evidence: (1) the existence of the conspiracy; (2) the statement was made by a coconspirator of the party; (3) the statement was made during the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy.[26] The admissibility of coconspirator statements under Rule 801(d)(2)(E) is a preliminary question for the court to decide.[27]

In *United States v. James*, the Fifth Circuit held that, "[t]he district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator."[28] The *James* court further held, however, that, "[i]f it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up."[29] As explained in *United States v. Gonzalez-Balderas*, "[i]n *James* we held that the district court should require the government to establish a Rule 801(d)(2)(E) predicate before admitting coconspirator statements, unless the court finds that order of proof impractical. In that event, the court may conditionally admit the statement subject to a subsequent final determination."[30] As noted by the Fifth Circuit in *Gonzalez-Balderas*, "[w]e have approved deferral of a *James* ruling until the close of the government's case."[31]

---

[26] *United States v. Hall*, 500 F.3d 439, 443 (5th Cir. 2007) (citing *United States v. Cornett*, 195 F.3d 776, 782 (5th Cir. 1999)).
[27] Fed. R. Evid. 104(a). *See Bourjaily v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987)).
[28] *James*, 590 F.2d 575, 582 (5th Cir. 1979).
[29] *Id*.
[30] 11 F.3d 1218, 1224 (5th Cir. 1994) (citing *James*, 590 F.2d 575; *United States v. Fragoso*, 978 F.2d 896 (5th Cir. 1992)).
[31] *Gonzalez-Balderas*, 11 F.3d at 1224 (citing *Fragoso*, 978 F.2d 896).

The Fifth Circuit has further held that, "[a] *James* hearing, conducted outside the presence of the jury, is *one potential method* by which the district court may ensure the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements."[32]  Notably, the Fifth Circuit has held that, "*James* has never required a hearing outside the presence of the jury."[33]  Instead, the Fifth Circuit "has approved district courts' practice of carrying a *James* motion through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made."[34]  The Fifth Circuit has made clear that whether express findings on admissibility should be made before the coconspirator statements are introduced and whether a *James* hearing is necessary are matters left to the discretion of the trial court.[35]

In the instant case, Giles and the King Firm have not presented the Court with any reason, much less a compelling reason, that would necessitate holding a pre-trial *James* hearing.[36]  Giles and the King Firm assert, without explanation, that a *James* hearing "will avoid substantial prejudice to the defendants"[37] and "will promote

---

[32] *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (citing *Fragoso*, 978 F.2d at 900) (emphasis added).
[33] *Fragoso*, 978 F.2d at 899.
[34] *Id*. at 900 (citing authority).
[35] *See Williams*, 264 F.3d at 576 (citing *Fragoso*, 978 F.2d at 900); *Fragoso*, 978 F.2d at 900 (citing *United States v. Cantu*, 557 F.2d 1173, 1180 (5th Cir. 1977)).
[36] *See United States v. Roberts*, Crim. A. No. 4:20-cr-00314, 2022 WL 17834053, at *6 (E.D. Tex. Dec. 21, 2022) ("In this case, the Court finds that Roberts has not provided a compelling reason to hold a pretrial *James* hearing."); *United States v. Dahab*, Crim. A. No. 1:08cr29-HSO-JMR, 2008 WL 2061149, at *2 (S.D. Miss. May 8, 2008) ("Furthermore, Defendant's Motion does not present any compelling reason to hold a pre-trial *James* hearing."); *United States v. Ho*, Crim. A. No. 01-069, 2001 WL 487379, at *2 (E.D. La. May 7, 2001) (Porteous, J.) ("In the present case, the Defendant's Motion does not present this Court with any reason that would necessitate holding a pre-trial *James* hearing.").
[37] R. Doc. 280-1 at p. 2.

conservation of judicial resources."[38]  Giles and the King Firm also assert that a *James* hearing will afford them "the opportunity to present any evidence in rebuttal of the conspiracy which is presented by the Government before the Court rules,"[39] seemingly ignoring the fact that they will have the opportunity to present any such evidence at trial.  The conspiracy purportedly involves the nine named defendants and at least five named individuals and seven unnamed individuals, and allegedly occurred over a 13-year period.[40]  The Court anticipates that Giles and the King Firm will insist that the Government make a showing of the predicate elements through the witnesses that the Government intends to call to testify at trial.  The Court finds that a *James* hearing would be impractical, unnecessary, and wasteful in this case, as it "would require the Court to hear much of the trial evidence twice, and it would potentially lead to the revelation of the names of government witnesses that may be placed in danger before those witness's names must necessarily be revealed."[41]  Thus, such a hearing at this juncture pre-trial would result in a mini-trial, resulting in expending additional judicial resources.  The Court is especially concerned about the safety of the Government's witnesses in light of the circumstances surrounding this case and the murder of Cornelius Garrison.

---

[38] *Id.* at p. 3.
[39] *Id.*
[40] *Id.* at pp. 2–3 & 4–6.  The named individuals include Ryan Harris, Danny Patrick Keating, Cornelius Garrison, Damian Labeaud, and Roderick Hickman.  The unnamed individuals include Attorney C, Attorney D, Attorney E, Attorney F, Slammer G, Slammer H, and Slammer I.
[41] *United States v. Morgan*, Crim. A. No. 01-232, 2002 WL 1159706, at *2 (E.D. La. May 30, 2002) (Vance, J.).  *See United States v. Fatty*, Crim. A. No. 17-161, 2018 WL 2219387, at *2 (E.D. La. May 15, 2018) (quoting *Morgan*, Crim. A. No. 01-232, 2002 WL 1159706).

The Court agrees with its sister court that, "[t]he government is not obligated in a conspiracy case involving Rule 801(d)(2)(E) evidence to participate in a form of elaborate pretrial discovery conducted under the guise of requiring that it satisfy the predicate facts needed to prove the admissibility of coconspirator statements."[42] Instead, the Court finds that the best course of action is to defer the arguments of Giles and the King Firm concerning the alleged coconspirator statements until trial, at which point the Court will be in a better position to evaluate the merits of those arguments.[43] As such, the Court denies the Motion. In doing so, the Court recognizes that, during trial, it must "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it [pursuant to Rule 801(d)(2)(E)] before admitting declarations of a coconspirator."[44] The Court will adhere to these requirements in trying this case.

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Pre-Trial Hearing, Advance Proffer, and Ruling on the Admissibility of Alleged Co-Conspirator Statements on Behalf of Jason F. Giles and the King Law Firm, LLC[45] is **DENIED.**

New Orleans, Louisiana, November 21, 2025.

*/s/ Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[42] *United States v. Fleifel*, Crim. A. No. 3:12-CR-318-D(3), 2014 WL 6633049, at *4 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.).
[43] *Fatty*, Crim. A. No. 17-161, 2018 WL 2219387 at *2 (quoting *United States v. Wijetunge*, Crim. A. No. 15-144, 2016 WL 1089344, at *6 (E.D. La. Mar. 21, 2016) (Africk, J.)) (citation modified).
[44] *United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992) (quoting *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979)) (citation modified).
[45] R. Doc. 280.