UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-105 |
| | * | |
| v. | * | |
| | * | |
| RYAN J. HARRIS | * | SECTION "D" (1) |
|    a/k/a "Red" | * | (Counts 1 through 8) |
| SEAN D. ALFORTISH | * | |
| VANESSA MOTTA | * | |
| MOTTA LAW, LLC. | * | |
| JASON F. GILES AND | * | |
| THE KING FIRM, LLC | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANTS', THE KING FIRM AND JASON GILES, MOTION TO DISMISS COUNT 8 (CORRUPTLY INFLUENCE…*BY SECRETLY RECORDING*) AND COUNT 9 (CORRUPTLY PERSUADE) OF THE THIRD SUPERSEDING INDICTMENT WHICH ARE  UNCONSTITUTIONALLY VAGUE AS CHARGED**

**OR, IN THE ALTERNATIVE, MOTION TO STRIKE THE TERM: (1)"BY *SECRETLY RECORDING HICKMAN*" COUNT 8, (2) "*SECRETLY RECORDING LABEAUD*" (COUNT 1(D) PARAGRAH 16) AND (3) "WITHOUT HICKMAN'S KNOWLEDGE" (COUNT 1(D) PARAGRAPH 20)**

### Introductory Note

    *On November 24, 2025, Defendants, The King Firm (the King Firm) and Jason Giles (Giles), filed a Motion to Dismiss Counts 6 and 7 of the Second Superseding Indictment, or, Alternatively, a Motion to Strike the Term "By Secretly Recording" (Rec. Doc. 485). On January 9, 2026, the government presented its Third Superseding Indictment, which contains essentially the same allegations with different counts.*

    *By order of the Court (Rec. Doc. 560), the Defendants' Motion to Dismiss (Rec. Doc. 485) was denied without prejudice, allowing Defendants time to refile. In accordance with the order, Defendants file the instant motion.*

**NOW INTO COURT**, through undersigned counsel, come The King Firm, LLC and Jason Giles, who move to dismiss Counts 8 and 9 of the Third Superseding Indictment as unconstitutionally vague as charged (i.e., "*corruptly influence*…by *secretly recording* Hickman…") and also move to dismiss Count 1(D) Paragraph 16 (i.e. "*secretly recording Labeaud*") and to dismiss Count 1(D) Paragraph 20 ("without [Hickman's] knowledge"), as it is legal to record a witness under Federal and state law without the witness's consent. See U.S. 18 USC 2510, 2511 and La. R.S. § 15:1303(C)(4).

Additionally, the Defendants move to strike the following language: (1) "by *secretly* recording Hickman" in Count 8; (2) "*secretly* recording Labeaud" in Count 1(D) Paragraph 16; and (3) "*without Hickman's knowledge*" in Count 1(D) Paragraph 20.

### Corruptly Influence By Secretly Recording

In the recent case of Fischer v. United States[1], the U.S. Supreme Court addressed the Government's attempt to give a broad interpretation of the witness tampering statute. 18 U.S.C. 1503.[2] Interpreting subsection C of 1503, Chief Justice Roberts stated that subsection (c)(2) provides:

> "nearly two dozen means of committing obstruction, with varying degrees of culpability and penalties ranging from three years to life in prison, or even death." In rejecting the Government's expanded version of the statute…"[t]he Government's novel interpretation would criminalize a broad swatch of prosaic conduct exposing activists and lobbyists alike to decades of in prison."
>
> (603 U.S. 480 (2024) at 493, 496 - emphasis added)

The Indictment as charged opens the possibility that the mere act of recording someone without their consent (which is allowed by both Federal and Louisiana State law) is tantamount to tampering with a witness (and/or obstruction of justice). Thus, the mere act of recording a

---

[1] 603 U.S. 480 (2024)
[2] Opinion dealt with Title 18 §1512C1 and C2, while defendants are charged with violations of §1512B1.

Government witness would allow, as the Chief Justice noted, "prosecutors broad discretion to seek a twenty-year maximum sentence for acts Congress saw fit to punish with only a shorter term of imprisonment."

WHEREFORE, Defendants move to dismiss Counts 8 and 9 as unconstitutionally vague or, in the alternative, to strike the highly prejudicial language from the Indictment:

1. Counts 8 and 9 the words "*secretly recording*";

2. Count 1 (D) Paragraph 16 "*secretly recorded* Labeaud's manipulated statement…"; and

3. Count 1(D) paragraph 20 "*without Hickman's knowledge*," along with the language "*without Hickman's criminal defense attorney present*".

Respectfully Submitted,

*/s/   Richard T. Simmons, Jr.*
**RICHARD T. SIMMONS, JR. (#12089)**
**Hailey, McNamara, LLP**
3445 North Causeway Blvd., Ste. 800
Metairie, Louisiana 70002
Telephone: (504) 261-6516
Facsimile: (504) 836-6565
Email:  rsimmons@hmhlp.com
*Counsel for Defendant, The King Firm, LLC*

Respectfully Submitted,

*/s/   Lynda Van Davis-Greenstone*
**LYNDA VAN DAVIS-GREENSTONE (#24776)**
**Tulane & Broad and Associates, LLC**
611 O'Keefe Avenue, Suite C-1
New Orleans, Louisiana 70113
(703) 488-0693
Lynda@TulaneBroad.com
*Counsel for Defendant, Jason Giles*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management and that a copy of the same was either served on all counsel of record by electronic notification or by U.S. Mail, postage pre-paid.

Metairie, Louisiana this 28th day of January 2026.

  */s/ RICHARD T. SIMMONS, JR*
**RICHARD T. SIMMONS, JR.**