UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-105 |
| | * | |
| v. | * | |
| | * | |
| RYAN J. HARRIS | * | SECTION "D" (1) |
|    a/k/a "Red" | * | (Counts 1 through 8) |
| SEAN D. ALFORTISH | * | |
| VANESSA MOTTA | * | |
| MOTTA LAW, LLC. | * | |
| JASON F. GILES AND | * | |
| THE KING FIRM, LLC | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
DEFENDANTS JASON GILES AND THE KING FIRM'S
MOTION TO DISMISS COUNT 1(D), PARAGRAPH 8 (TO THE EXTENT IT
ALLEGES A CONSPIRACY TO UTILIZE "RUNNERS") OR, IN THE ALTERNATIVE,
TO STRIKE COUNT 1 (D), PARAGRAPH 8 AS SURPLUS AND PREJUDICIAL
LANGUAGE AS TO THE THIRD SUPERSEDING INDICTMENT**

**The Third Superseding Indictment Contains Prejudicial And Surplus Language Alleging A Conspiracy To Use "Runners" In Connection With Legitimate Accidents**

To the extent that the government argues that the Third Superseding Indictment alleges a conspiracy to use "illegal runners" in connection with legitimate accidents, the Defendants move to dismiss that part of the Indictment. See: Fed. R. Crim. P. 12(b)(3). The Defendants also seek to prevent any other claims that could mislead the jury into believing that the Indictment charges include the use of "illegal runners" by attorneys in cases involving legitimate accidents. See also: Fed. R. Crim. P. Rule 7(c)(1) and Rule 7(d).

1

The Third Superseding Indictment sets forth a wire and mail fraud scheme to defraud trucking and insurance companies by staging accidents. Such allegations clearly fall within the jurisdiction of the federal government's wire and mail fraud statute. Staged accidents are not legitimate, and the claim is inherently false and involves money and property. On the other hand, when the federal government seeks to regulate attorneys' procurement of clients for legitimate cases, the Indictment exceeds what is permitted under federal jurisprudence.

**Recruitment of Plaintiffs Cases For Legitimate Accidents – Regulations By State Bar Association, Not Federal Prosecutors**

Over the last several decades, the Louisiana Bar Association's regulations have evolved regarding what is allowed in connection with plaintiff attorneys obtaining referrals for automobile accidents. In the 1970s and 1980s, the Bar Association disallowed advertising until First Amendment challenges. The airways are now replete with advertisements by plaintiff attorneys "seeking referrals" and by those injured in legitimate automobile accidents.

On a national scale, the recruitment of plaintiff cases is a billion-dollar industry that relies on extensive advertising to procure "legitimate accidents." If plaintiffs are injured in a "legitimate accident," they may or may not have a basis for a claim, a matter to be decided by the judicial system once the plaintiff's attorneys attempt to recover from the trucking or insurance company. Those are monies owed to the injured plaintiff as the result of a legitimate accident and therefore are not fraudulent, and trucking companies and their insurers are not victims.

In the instant case, the Government's Indictment and discovery documents extensively use the term "illegal runners." This creates a potential prejudice for the jury to conclude that, although no staged accidents occurred, the mere fact that there was "client procurement" by runners constitutes a federal wire or mail fraud offense. Accordingly, the Defendants file this Motion to Dismiss any claim by the Government that such allegations of using "illegal runners" violate

federal law. To the extent the Government refrains from such an allegation, the cure should be the striking of Count 1, Section D, Paragraph 8 relative to "illegal runners." The Court should further restrict the Government's commingling of legitimate accidents in which there are referrals by runners versus staged accidents where the fraud presents a basis for the Government to bring criminal charges under federal statutes.

### Motions to Dismiss Under Rule 12 Federal Rules of Criminal Procedure – Legal Standard

Rule 12 of the Federal Rules of Criminal Procedure provides that a defendant must file any motion to dismiss for failure to state an offense before trial. See Fed. R. Crim. P. 12(b)(3). "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011). "The propriety of granting a motion to dismiss an indictment…by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determination of fact…. If a question of law is involved, then consideration of the motion is generally proper." *Id.* Because the issues addressed in this motion are questions of law that do not involve factual determinations, they are appropriately raised in a Motion to Dismiss the Indictment or at least a striking of the prejudicial phrase "illegal runners."  See also: Fed. R. Crim. P. 7(c)(1).

### The Limits of "Money or Property" Wire Fraud Exclude The Use Of The Statute In Connection With Non-Staged Accidents Involving Runners

On May 22, 2025, the Supreme Court reaffirmed that "money or property" for purposes of the Federal wire fraud statute reaches only "traditional property interests." *Kousisis v. United States*, 145 S.Ct. 1382, 1390-91 (2025). The Court also observed that "in all cases, because money

3

or property must be an *object* of the defendant's fraud, the traditional property interest at issue "must play more than some bit part in the scheme." *Id.* at 1392. In other words, "[o]btaining the victim's money or property must have been the 'aim,' not an 'incidental byproduct,' of the defendant's fraud." *Id.*

*Kousisis*, reiterated the holding of *Cleveland v. United States* - a case tried in this Court almost thirty years ago – that an indictment must allege a fraud aimed at obtaining property in the hands of the victim. See *Cleveland v. United States*, 531 U.S. 12, 15 (2000). Certainly, the conspiracy charges the defrauding of insurance companies and their insureds by claims based on staged accidents for which they are not at fault. Such a conspiracy charge is within federal jurisdiction. A portion of the Indictment in this case fails to do what the Supreme Court precedent requires, that is, describe a scheme aimed at obtaining money or property in the hands of the victim. If such insurers and insureds are liable, there is no "fraud." Therefore, the allegation in Count 1, Section D, Paragraph 8, as to "illegal runners" must be dismissed.

The Supreme Court has repeatedly addressed the contours of federal "money or property" wire and mail fraud. In doing so, the Court precludes schemes that allege a violation of the Rules of Professional Conduct for attorneys established by the Louisiana State Supreme Court. For example, in *Cleveland*, the government alleged that the defendants violated the mail fraud statute by supplying false information in their applications for and subsequent receipt of a video poker license from the State of Louisiana. In reversing the defendants' mail fraud convictions, the Supreme Court held that an unissued video poker license in the <u>hands of a state regulator</u> was not property under the mail fraud statute. See *Id.* at 15. Observing that the state's interest in video poker licensing was <u>regulatory</u> and that any argument that the state's economic interest in the license was property strayed from traditional concepts of property protected by the mail fraud

4

statute. The Supreme Court also declined to equate the issuance of licenses or permits with the deprivation of property, as doing so would subject a wide range of conduct traditionally <u>regulated</u> by state and local authorities to federal mail and wire fraud prosecution. *Id.* at 26-27. The conduct of attorneys is traditionally regulated by the States.

Twenty years later, in *Kelly v. United States*, the Supreme Court reversed the defendants' convictions where the government failed to establish a scheme aimed at money or property under the wire fraud statute. 590 U.S. 391, 394 (2020).[1] Emphasizing that "[t]he wire fraud statute…prohibits only deceptive schemes to deprive the victim of money or property," the *Kelly* Court held that "the Government had to show not only that [the defendants] engaged in deception, but that an object of their fraud was property." *Id.* at 398. Because the scheme was aimed at exercising regulatory power, rather than obtaining property from the Port Authority, the Supreme Court held that the incidental use of employees' time, although valuable, was not the object of the scheme and did not violate the wire fraud statute.

Recently, the Fifth Circuit observed that "the 'scheme to defraud' and 'intent to defraud' must be based on property interests." *United States v. Greenlaw*, 84 F.4th 325, 343-44 (5th Cir. 2023). The *Greenlaw* Court went on to note that the Supreme Court's and the Fifth Circuit's cases "draw a fine line differentiating conduct that is merely deceitful from conduct that 'wrongs[s] one in his property rights." *Id.* at 344. Only the second type of conduct supports a wire fraud violation.

---

[1] The *Kelly* defendants sought political revenge against the mayor of Fort Lee, New Jersey, who refused to support the New Jersey governor's re-election campaign, despite the governor's past assistance. The revenge plot involved closing the Fort Lee toll lanes on the George Washington Bridge, resulting in a traffic jam and gridlock. Associates of the governor used their offices to create a phony traffic study, conducted by the Port Authority, as a basis for the lane closures. As part of the "study," they tasked Port Authority engineers with collecting data on the traffic delays caused by the closures. Additionally, the defendants authorized the Port Authority to incur additional expenditures for personnel necessary to carry out their traffic jam plot. *Id.* at 393.

### **Alternative Relief – Strike Count 1(D) Paragraph 8 (i.e. Illegal Runners) As Surplus and Prejudicial Under Federal Rules of Criminal Procedure Rule 7(c) and 7(d)**

By claiming the use of "illegal runners", the jury can be confused into thinking that itself violates federal law, and so the government may secure a conviction even if the jury thinks the defendants have not been involved in any staged accidents at all.

Generally, allegations in an indictment that are unnecessary to prove the crime charged are surplusage. *United States v. Miller*, 471 U.S. 130 (1985). A district court retains discretion to strike surplusage from an indictment upon motion of the defendant under Rule 7(d) of the Federal Rules of Criminal Procedure. A district court may strike language as surplusage on the ground that such material is unduly prejudicial if the language "serve[s] only to inflame the jury, confuse[s] the issues, and blur[s] the elements necessary for conviction[.]" *Id.* Moreover, a court may strike as surplusage any "[i]ndirect expressions, implied allegations, argumentative statements, and uncertainty due to generalizations in language[.]" *United States v. Williams*, 203 F.2d 572, 574 (5th Cir.1953). If, for example, the government asserts irrelevant or immaterial facts, particularly those that might prejudice the jury, the defendant may compel their deletion. *United States v. Hughes*, 766 F.2d 875, 879 (5th Cir. 1985).

An allegation that someone worked as an "illegal" (as the Government takes care to say, without also saying what law is involved) "runner", has nothing to do with whether either the "runner" or the lawyer knowingly participated in a fraud.

The allegation is an attempt to confuse and mislead the jury, to the prejudice of the defendants. The lay jury who hears references to "illegal runners" may be misled into thinking that this itself is the federal crime charged, and that if the jurors believe a lawyer used "illegal runners" the jury can or even must convict, without regard to whether knowledge and participation in fraud has been proven.

The allegation in the Third Superseding Indictment as to "illegal runners" is highly prejudicial surplusage and should be stricken under Fed. R. Crim. P. Rule 7(d).

WHEREFORE, the Defendants move for dismissal of Count 1, Section D, Paragraph 8 of the Third Superseding Indictment, and alternatively, that paragraph be stricken as prejudicial, confusing to the jury.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| */s/   Richard T. Simmons, Jr.*  <br>**RICHARD T. SIMMONS, JR. (#12089)**  <br>**Hailey, McNamara, LLP**  <br>3445 North Causeway Blvd., Ste. 800  <br>Metairie, Louisiana 70002  <br>Telephone: (504) 261-6516  <br>Facsimile: (504) 836-6565  <br>Email:  rsimmons@hmhlp.com  <br>*Counsel for Defendant, The King Firm, LLC* | */s/   Lynda Van Davis-Greenstone*  <br>**LYNDA VAN DAVIS-GREENSTONE (#24776)**  <br>**Tulane & Broad and Associates, LLC**  <br>611 O'Keefe Avenue, Suite C-1  <br>New Orleans, Louisiana 70113  <br>(703) 488-0693  <br>Lynda@TulaneBroad.com  <br>*Counsel for Defendant, Jason Giles* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management and that a copy of the same was either served on all counsel of record by electronic notification or by U.S. Mail, postage pre-paid.

Metairie, Louisiana this 28th day of January 2026.

    */s/ RICHARD T. SIMMONS, JR*
    **RICHARD T. SIMMONS, JR.**