**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 24-105** |
| **RYAN HARRIS, ET AL.** | **SECTION D**<br>**This Order applies to The King Firm, Jason F. Giles, Carl Morgan, and Diaminike Stalbert.** |

**ORDER AND REASONS**

Before the Court are three motions to dismiss Count 1 of the third superseding indictment. The first, The King Firm and Jason Giles' Motion to Dismiss Count 1 of the Indictment as the Charged Offense is Barred by the Five-Year Statute of Limitations, was filed by defendants The King Firm ("The King Firm") and Jason Giles ("Giles").[1] The second, Carl Morgan's Motion to Dismiss, was filed by defendant Carl Morgan ("Morgan").[2] The third, Diaminike F. Stalbert's Motion to Dismiss Count 1 of the Indictment as the Charged Offense is Barred by the Five-Year Statute of Limitations, was filed by defendant Diaminike F. Stalbert ("Stalbert")[3] (together with The King Firm, Giles, and Morgan, "defendants"). All three motions argue that the charged offenses related to these defendants are barred by the five-year statute of limitations set forth in 18 U.S.C. § 3282(a).[4] The Government filed a response

---

[1] R. Doc. 542.
[2] R. Doc. 546.
[3] R. Doc. 547.
[4] Count 1 of the third superseding indictment charges defendants with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. *See* R. Doc. 517, at p. 2. The five-year statute of limitations set forth in 18 U.S.C. § 3282(a) applies to such offenses.

opposing all three motions.[5] Defendants The King Firm and Giles filed a reply.[6] For the reasons that follow, the Court DENIES the motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves allegations of a years-long scheme by over a dozen individuals to stage fake automobile collisions in the New Orleans metropolitan area and file fraudulent insurance claims and fraudulent lawsuits based on the staged collisions. Count 1 of the third superseding indictment charges several defendants, including those whose motions to dismiss are before the Court, with Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 1349.[7] As it pertains to the present motions,[8] Count 1 of the third superseding indictment alleges that The King Firm and Giles pursued fraudulent lawsuits relating to a number of staged collisions which all occurred between 2011 and 2017.[9] With respect to Morgan, Count 1 of the third superseding indictment alleges he was involved in staging at least one staged collision that occurred on or about April 12, 2017, and conspired to "file and pursue a fraudulent lawsuit" based on this staged collision.[10] Regarding Stalbert, Count 1 of the third superseding indictment alleges that he was involved in staging and pursuing fraudulent lawsuits with respect to at least two staged collisions: one that

---

[5] R. Doc. 634, at pp. 29–32.
[6] R. Doc. 669.
[7] R. Doc. 517.
[8] A more complete factual background is contained in this Court's Order and Reasons granting in part and denying in part the Motions to Sever. *See* R. Doc. 357.
[9] R. Doc. 517, at pp. 8–10, 13–14.
[10] *Id.* at p. 14, ¶ 26e.

occurred on or about May 24, 2017,[11] and another that occurred on or about September 6, 2017.[12]

Defendants were all indicted on December 6, 2024.[13] Because these allegedly staged collisions and related lawsuits occurred prior to December 6, 2019, defendants argue that the charges are barred by the five-year statute of limitations set forth in 18 U.S.C. § 3282(a).[14]

Specifically, The King Firm and Giles argue that the dates of the alleged staged collisions and related fraudulent lawsuits with which they are charged fall outside of the limitations period.[15] That said, they recognize that at least two of the allegedly fraudulent lawsuits were completed in 2020.[16] Notwithstanding this acknowledgment, they argue that their withdrawal from the conspiracy in 2017 "supersede[s]" any acts within the limitations period.[17]

According to The King Firm and Giles, such withdrawal efforts included: recording slammers Damian Labeaud ("Labeaud") and Roderick Hickman ("Hickman") to "preserve their clients' own words regarding whether they were involved in the 'staged accident scheme,'" and then never contacting them again;[18] retaining investigators "to determine whether existing cases were potentially

[11] *Id.* at p. 10, ¶ 14h.
[12] *Id.* at p. 15, ¶ 26m.
[13] *See* R. Doc. 78.
[14] *See* R. Doc. 542-1, at pp. 4–6; R. Doc. 546-1, at p. 2; R. Doc. 547-1, at p. 1.
[15] R. Doc. 542-1, at p. 4.
[16] *Id.* at p. 5 (noting that the alleged staged accident and fraudulent lawsuit culminated in settlement and issuance of a settlement check in January 2020); *id.* at p. 6 (stating that the case settled in July 2020 and a settlement check was issued on July 10, 2020).
[17] *Id.*
[18] *Id.* at pp. 6–7, 9.

fraudulent;"[19] withdrawing from "numerous cases" and "closing. . . files that may have been involved in fraud;"[20] and presenting their recordings of Lebeaud and Hickman to the Government prior to being indicted.[21] It is The King Firm's and Giles' position that the Government has "a misguided view" of these withdrawal actions and has misunderstood them as attempts to obstruct justice and tamper with witnesses.[22] The King Firm and Giles also re-urge their position that Count 1 of the third superseding indictment alleges multiple, unrelated conspiracies and that they are unconnected to the conspiracy involving slammers Ryan J. Harris ("Harris") and Cornelius Garrison ("Garrison").[23] They point out that the only allegations in the third superseding indictment specifically connecting them to an allegedly staged collision involving Harris or Garrison pertain to collisions and lawsuits that occurred or terminated outside the limitations period.[24] According to The King Firm and Giles, "there is no evidence that Giles and the King Firm were actively involved in a conspiracy with Garrison or Harris beyond March 2019."[25]

Similarly, Morgan argues that the object of the fraudulent lawsuit he is alleged to have pursued "was accomplished" once the corresponding settlement check was issued on January 3, 2019, and therefore the conspiracy he was involved in terminated as of that date.[26] He also maintains that his involvement in the alleged

[19] *Id.* at p. 7.
[20] *Id.* at p. 9.
[21] *Id.*
[22] *Id.* at p. 8.
[23] *Id.* at p. 7; *see also* R. Doc. 357, at p. 8.
[24] R. Doc. 542-1, at p. 7.
[25] *Id.*
[26] R. Doc. 546-1, at pp. 2, 4.

conspiracy is limited to this incident and that he was not a co-conspirator to the "broader conspiracy" involving the other defendants in this case.[27] He therefore argues that any acts committed by other defendants in furtherance of their separate conspiracies that were done within the limitations period cannot overcome the fact that the alleged offenses in Count 1 pertaining to him are time-barred.[28]

Stalbert's motion, like those of Morgan and The King Firm/Giles, likewise argues that, because the Government has not alleged facts demonstrating that Stalbert committed any acts in furtherance of the conspiracy within the limitations period, Count 1 should be dismissed as time-barred.[29] Stalbert largely adopts the law and argument of The King Firm and Giles' motion, however, he explicitly disclaims any withdrawal argument.[30]

In response, the Government notes that this Court has already determined that defendants were all members of the same, single conspiracy charged in Count 1, and that defendants' co-conspirators were still committing acts in furtherance of this conspiracy, including litigating fraudulent lawsuits, until the first indictment.[31] Thus, the Government argues that even if Morgan and Stalbert were, as they claim, inactive in the conspiracy after the termination of their respective lawsuits, their failure to withdraw from the conspiracy is fatal to their statute of limitations

---

[27] *Id.* at p. 4.
[28] *See id.*
[29] R. Doc. 547-1, at p. 3.
[30] *See id.* at 2–3.
[31] *Id.*

argument; the acts of their co-conspirators are attributable to them for statute of limitations purposes.[32]

With respect to The King Firm and Giles, the Government likewise maintains that they did not explicitly withdraw from the conspiracy such that the actions of their co-conspirators are not attributable to them for statute of limitations purposes.[33] The Government also disputes that The King Firm and Giles' actions as set forth in their motion to dismiss were attempts to withdraw and argues that, instead, any such actions were "retroactive attempts to paper over their crime."[34] Furthermore, according to the Government, even if the Court were to accept The King Firm and Giles' argument that there were multiple, separate conspiracies, the fact that The King Firm and Giles "litigat[ed] a fraudulent lawsuit until it was settled and the settlement checks were issued in July 2020" is enough to establish that the statute of limitations had not run by the time they were indicted.[35]

The King Firm and Giles filed a reply,[36] in which they reiterate their arguments that there is no evidence connecting them to any conspiracy involving Harris and Garrison and that the allegedly staged collisions and fraudulent lawsuits with which they are charged fall outside of the limitations period.[37]

---

[32] *Id.* at p. 31.
[33] *See id.*
[34] *Id.*
[35] *Id.* at pp. 31–32.
[36] *See* R. Doc. 669.
[37] *Id.* at pp. 3–4.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Parties must raise by pretrial motion any claim alleging "a defect in instituting the prosecution, including . . . an error in the grand-jury proceeding or preliminary hearing."[38]

Pursuant to Rule 12(b)(3)(A)(v), "a party may challenge an indictment for failing to state an offense."[39] When considering such a motion, "a court is required to 'take the allegations of the indictment as true and to determine whether an offense has been stated.'"[40] If a motion to dismiss relies on disputed facts, the motion must be denied.[41] Likewise, a challenge to an indictment based on allegedly insufficient or inadequate evidence fails because "an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits."[42]

"The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper."[43] With respect to

---

[38] Fed. R. Crim. P. 12(b)(3)(A)(v).
[39] *United States v. Green*, No. 25-30, 2025 WL 3013324, at *1 (E.D. La. Oct. 28, 2025) (Ashe, J.) (citing Fed. R. Crim. P. 12(b)(3)(A)(v)).
[40] *United States v. Cespedes*, 616 F. Supp. 3d 573, 576 (E.D. La. 2022) (Vitter, J.).
[41] *Id.*
[42] *Green*, 2025 WL 3013324, at *1 (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)).
[43] *Cespedes*, 616 F. Supp. 3d at 576–77 (quoting *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011)).

dismissals relating to statute of limitations, the Fifth Circuit reviews the district court's findings of fact for clear error and its legal conclusions *de novo*.[44]

## III. ANALYSIS

All three of the defendants' motions take the position that the statute of limitations runs for each defendant from the date of the last act in furtherance of the conspiracy committed by *that* defendant. The law does not support their positions.

A "defendant who has joined a conspiracy continues to violate the law through every moment of the conspiracy's existence, and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot."[45] Consequently, "for a conspiracy charge to be timely" for statute of limitations purposes, the government need only demonstrate "'the existence of the conspiracy within five years prior to the return of the indictment, and . . . the commission of at least one overt act *by one of the conspirators* within that period in furtherance of the conspiratorial agreement.'"[46]

The indictment did not need to allege that each defendant specifically committed an overt act within the limitations period for the conspiracy charge to be timely brought as to that defendant.[47] Overt acts of co-conspirators committed in furtherance of the conspiracy and within the limitations period are sufficient to indict another co-conspirator-defendant even absent allegations of overt acts committed within the limitations period by that defendant specifically.[48]

---

[44] *United States v. Boswell*, 109 F.4th 368, 378 (5th Cir. 2024).
[45] *Smith v. United States*, 568 U.S. 106, 111 (2013) (cleaned up).
[46] *United States v. Barrett*, No. 20-16, 2021 WL 2160546, at *1 (S.D. Miss. May 27, 2021) (emphasis added) (quoting *United States v. Ongaga*, 820 F.3d 152, 157 (5th Cir. 2016)).
[47] *United States v. Ngari*, 559 F. App'x 259, 271 (5th Cir. 2014).
[48] *See United States v. Gutierrez*, 934 F. Supp. 836, 837 (S.D. Tex. 1996) ("It is not determinative that Defendant . . . committed no specific acts within the limitations period, if the government can show

The Court has already determined that the facts alleged in the third superseding indictment support the existence of a single conspiracy among The King Firm, Giles, Morgan, and Stalbert (as well as the other alleged co-conspirators), rather than multiple, separate conspiracies.[49] While, ultimately, whether a conspiracy existed is a question of fact to be resolved by the jury in its jury verdict,[50] the facts alleged in the third superseding indictment, which the Court must accept as true at this juncture,[51] are sufficient to demonstrate one conspiracy and that overt acts in furtherance of this conspiracy were committed by co-conspirators within the limitations period.[52] Morgan and Stalbert's arguments that the charges against them are time-barred because the extent of their criminal involvement was limited to the collisions and related lawsuits which terminated in 2017 are, thus, unavailing.[53]

The Court similarly finds that The King Firm and Giles' argument that there is insufficient evidence to connect them to acts of other defendants occurring within the limitations period is a question for the factfinder and cannot support their motion to dismiss on statute of limitations grounds.[54] As alleged in the third superseding

---

that a conspiracy existed and that at least one overt act was committed within that period by one of the conspirators in furtherance of the unlawful agreement."); *Ngari*, 559 F. App'x at 271 ("The statute of limitations does not require the Government to prove that each conspirator engaged in an overt act in furtherance of the conspiracy within five years before the return of the indictment. Rather, the Government need only 'allege and prove the commission of at least one overt act by one of the conspirators.'").

[49] R. Doc. 357, at pp. 25–29. *See* also R. Doc. 661. The Court notes that the allegations in the second superseding indictment as to the conspiracy charged in Count 1 are nearly identical to the allegations in the third superseding indictment. As to Count 1, the third superseding indictment included claims of additional staged accidents.

[50] *Gutierrez*, 934 F. Supp. at 837.

[51] *Cespedes*, 616 F. Supp. 3d at 576.

[52] *See* R. Doc. 517, atp. 3.

[53] *See, e.g.*, *id.* at 13, ¶ 26.

[54] *See* R. Doc. 542-1, at p. 7. *Also see Gutierrez*, 934 F. Supp. at 837 (disregarding the defendant's argument that "the conspiracy he was involved in, if any, was separate and independent from the

indictment, The King Firm and Giles were conspirators to the conspiracy alleged in Count 1 and overt acts in furtherance of this conspiracy were committed by co-conspirators within the limitations period.[55]

To the extent that The King Firm and Giles argue that "the statute of limitations bars prosecution where the defendant withdrew from the conspiracy more than five years before the indictment" and that "withdrawal terminates a defendant's liability and starts the limitations clock as to that defendant,"[56] they are correct that withdrawal from a conspiracy "starts the clock running on the time within which [that] defendant may be prosecuted, and provides a complete defense when the withdrawal occurs beyond the applicable statute-of-limitations period."[57] Importantly, "to demonstrate withdrawal," a defendant "must show that he took affirmative acts that were inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach the other conspirators."[58] While Giles and The King Firm contend that some of their actions "reflect withdrawal from any such conspiracy"[59] the Government, quoting the Fifth Circuit Pattern Jury

---

conspiracy alleged by the government" and that "his conspiracy ended" outside of the limitations period, because such argument was an issue to be "resolved by the trier of fact").

[55] Moreover, the Court agrees with the government that even if The King Firm and Giles were involved in a separate conspiracy, their receipt of settlement funds in 2020 is a sufficient act in furtherance of the conspiracy occurring within the limitations period. *Cf. United States v. Loe*, 248 F.3d 449, 456 (5th Cir. 2001) ("Receipt of the money was an object, and not merely a collateral result, of the conspiracy. The indictment so alleged, and a rational trier of fact could have arrived at this conclusion."); *see also United States v. Jackson*, No. 13-131, 2014 WL 1664901, at *2 (E.D. La. Apr. 25, 2014) (Lemmon, J.) ("A conspiracy continues until a participant 'realizes fully her anticipated economic benefits." (internal alterations omitted) (quoting *United States v. Girard*, 744 F.2d 1170, 1172 (5th Cir.1984))).

[56] R. Doc. 542-1 at p. 10.

[57] *Smith*, 568 U.S. at 111.

[58] *Gutierrez*, 934 F. Supp. at 837; *United States v. McClaren*, 13 F.4th 386, 407 (5th Cir. 2021) ("Withdrawal is an affirmative defense requiring affirmative acts, not mere cessation of activity.").

[59] R. Doc. 542-1 at p. 6.

Instructions, counters that "[a] member of a conspiracy remains in the conspiracy unless he can show that at some point he completely withdrew from the conspiracy" and further that "merely doing nothing or just avoiding contact with other members is not enough."[60] Whether withdrawal occurred is a factual issue for the jury to decide.[61]

With respect to The King Firm and Giles' withdrawal argument, this is a factual determination reserved for the jury in reaching its verdict and not an appropriate basis from which to dismiss the indictment.[62]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that The King Firm and Giles' Motion[63] to Dismiss, Morgan's Motion[64] to Dismiss, and Stalbert's Motion[65] to Dismiss are **DENIED**.

New Orleans, Louisiana, February 24, 2026.

Wendy B. Vitter

**WENDY B. VITTER**
**United States District Judge**

---

[60] R. Doc. 634 at p. 30, quoting Fifth Circuit Pattern Jury Instructions (Criminal) § 2.18 (2024).

[61] *Gutierrez* at 837–38; *accord United States v. Barrett*, No. 20-16, 2021 WL 2160546, at *2 (S.D. Miss. May 27, 2021) ("[W]ithdrawal is 'a matter for the jury to decide in the context of the entire case.'" (quoting *United States v. Jimenez*, 622 F.2d 753, 756 (5th Cir. 1980))).

[62] *Gutierrez.* at pp. 837–38. In addition, the Court notes that The King Firm's and Giles' "actions reflecting withdrawal" did not include any which indicated that actions had been "communicated in a manner reasonably calculated to reach the other conspirators," as is required to demonstrate withdrawal.

[63] R. Doc. 542.

[64] R. Doc. 546.

[65] R. Doc. 547.