## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 24-105** |
| **RYAN J. HARRIS, ET AL.** | **SECTION: D (1)**<br>**This Order applies to**<br>**Jason F. Giles and The**<br>**King Firm, LLC** |

### ORDER AND REASONS

Before the Court is Defendants', The King Firm and Jason Giles, Motion to Dismiss Count 8 (Corruptly Influence . . . *By Secretly Recording*) and Count 9 (Corruptly Persuade) of the Third Superseding Indictment Which Are Unconstitutionally Vague as Charged or, in the Alternative, Motion to Strike the Term: (1) "By *Secretly Recording Hickman*" Count 8, (2) "*Secretly Recording Labeaud*" (Count 1(D) Paragraph 16) and (3) "Without Hickman's Knowledge" Count 1(D) Paragraph 20.[1]  The Government opposes the Motion,[2] and Giles and the King Firm have filed a Reply.[3]

After careful consideration of the parties' memoranda and the applicable law, the Court **DENIES** the Motion to Dismiss.

### I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

This case involves several defendants who are charged with various crimes

---

[1] R. Doc. 582.
[2] R. Doc. 634.
[3] R. Doc. 669.
[4] In the interest of judicial economy, and because the factual background of this case was extensively detailed in several prior Orders and Reasons issued by this Court (*See* R. Docs. 357, 481, 489, 641, & 647), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

stemming from a years-long scheme to stage fake automobile collisions in the New Orleans metropolitan area and file fraudulent insurance claims and fraudulent lawsuits based on the staged collisions.[5]  That scheme allegedly involved "slammers" who drove automobiles and intentionally collided with 18-wheeler tractor-trailers and other commercial vehicles in order to stage collisions.  Jason F. Giles and The King Firm, LLC (collectively, "Defendants") are charged in the Third Superseding Indictment with conspiracy to commit mail and wire fraud (Count 1), mail fraud (Count 2), obstruction of justice (Count 8), and witness tampering (Count 9).[6] Pertinent to the instant Motion, the Government alleges in Count 1 that Damian Labeaud and Roderick Hickman staged automobile collisions for Defendants between 2011 and 2017, that Defendants knew the collisions were staged, and that Defendants paid Labeaud and Hickman for bringing them staged collisions.[7]  In Counts 8 and 9, the Government alleges that Defendants secretly recorded Hickman and manipulated him into falsely stating that the collisions he and Labeaud staged were legitimate, and did so to obstruct or impede the grand jury's investigation into the staged collision scheme.[8]

In the instant Motion, Defendants contend that they seek to strike Counts 8 and 9 of the Third Superseding Indictment as unconstitutionally vague as charged or, alternatively, to strike certain language from Counts 1, 8, and 9 as surplus under

---

[5] R. Docs. 1, 78, 256, & 517.
[6] R. Doc. 517 at pp. 1–18 & 21–22.
[7] *Id.* at pp. 7–10.
[8] *Id.* at pp. 21–22.

Fed. R. Crim. P. 7(d).[9] Defendants assert that the Supreme Court narrowed the scope of the obstruction of justice statute in *Fischer v. United States*, and that the decision "focused on 18 USC §1503(c)" and 18 U.S.C. § 1512(C)(2).[10] Relying on *Fischer*, Defendants assert that they are challenging the language in the Third Superseding Indictment under the First Amendment because recording a government witness without the witness' consent is not a "corrupt" act.[11] Defendants point out that it is not unlawful under Louisiana or federal law to record someone without their consent.[12] Defendants assert that, at a minimum, the Court should strike the prejudicial words "secretly recording" from Count 8 and Count 1(D), Paragraphs 16 and 20 of the Third Superseding Indictment.[13]

Defendants also move to strike as surplus the second sentence of Count 1(D), Paragraph 16, which states that Defendants "secretly recorded Labeaud's manipulated statement without Labeaud's knowledge."[14] Defendants claim that this language is prejudicial and misleading because it suggests that secretly recording someone is an illegal act.[15] Defendants point out that the Government refers to its own "secret recordings" of cooperating witnesses in a neutral or positive way.[16] Finally, Defendants seem to invoke the affirmative defense set forth in 18 U.S.C. § 1512(E), claiming that the recordings show that Giles encouraged Labeaud and

---

[9] R. Doc. 582.

[10] R. Doc. 582-1 at pp. 2–3 (citing *Fischer*, 603 U.S. 480, 144 S.Ct. 2176, 219 L.Ed.2d 911 (2024)). The Court notes that 18 U.S.C. § 1503(c) does not exist.

[11] R. Doc. 582-1 at p. 3.

[12] R. Doc. 582 at p. 2; R. Doc. 582-1 at pp. 3–4 (*citing* 18 U.S.C. §§ 2510 & 2511; La. R.S. 15:1303(C)).

[13] R. Doc. 582-1 at p. 3.

[14] *Id*. at p. 4 (*quoting* R. Doc. 517 at pp. 10–11) (citation modified).

[15] R. Doc. 582-1 at p. 4.

[16] *Id*. at p. 5.

Hickman to tell the truth and, as such, Giles engaged in lawful conduct intended to encourage them to speak truthfully.[17]

The Government opposes the Motion, pointing out that Defendants cite a non-existent statute, 18 U.S.C. § 1503(c), and a Supreme Court case involving crimes not charged in this case, *Fischer*, to support their arguments.[18]  The Government asserts that the Fifth Circuit Pattern Instructions set forth the elements for both obstruction of justice and witness tampering, and that Defendants' conduct as alleged in the Third Superseding Indictment satisfy the elements of both crimes.[19]   The Government claims that when the Defendants recorded Labeaud's statement, the Defendants knew that insurance defense attorneys suspected that certain collisions were staged and had begun investigating them.[20]  The Government also claims that when Defendants secretly recorded Hickman, Labeaud had already been charged and pleaded guilty, and Defendants knew that Hickman had just been charged and was represented by counsel, but recorded his statements without his attorney present and then did not provide such recorded statements to the Government for over three years.[21]   The Government asserts that courts, including the Fifth Circuit, have affirmed convictions under 18 U.S.C. §§ 1503(a) and 1512(b)(1) for conduct similar to the Defendants' conduct.[22]  The Government further asserts that the phrase "secretly recorded" is not improper surplusage because it is not irrelevant, inflammatory, and

---

[17] *Id*. at pp. 7–9.
[18] R. Doc. 634 at p. 24.
[19] *Id*. at pp. 24–26 (*citing* Fifth Circuit Pattern Jury Instructions (Criminal), §§ 2.63(A) & 2.64 (2024)).
[20] R. Doc. 634 at p. 26.
[21] *Id*.
[22] *Id*. (citing *United States v. Jena*, 478 Fed.Appx. 99, 101–02 (5th Cir. 2012); *United States v. Edlind*, 887 F.3d 166, 172–77 (4th Cir. 2018); *United States v. LaShay*, 417 F.3d 715, 719 (7th Cir. 2005).

prejudicial, and instead is important context for establishing that Defendants knew what they were doing was wrong.[23]  The Government contends that the Court can give a limiting instruction to cure any risk of jury confusion regarding whether Defendants can be convicted for secretly recording their clients.[24]  As to their affirmative defense argument, the Government asserts that whether Defendants were sincere when they told Labeaud and Hickman to be truthful or did so "with a wink and a nod" is a question for the jury and Defendants have the burden of establishing it at trial.[25]

In response, Defendants maintain that the word "secretly" should be stricken from the Third Superseding Indictment to avoid prejudice, and that a jury instruction will not cure such prejudice.[26]  Defendants also maintain that federal and state law do not prohibit secretly recorded someone who becomes a Government witness.[27] Defendants then seem to suggest that they were represented by prior counsel between 2017 and 2020 when the recordings were made, and assert that, "[t]o the extent that prior counsel were involved in the 'prior recordings,' the Defendants would have a reasonable basis to believe such conduct of recordingthe [sic] conversations was legal."[28]  Defendants then conclude by asserting that, [u]ndersigned counsel filed for the deletion of the word 'secretly' to avoid issues of prior counsel's approval of such recordings provided to the Government in 2020."[29]

---

[23] R. Doc. 634 at p. 27 (citing *Empire Bulkers*, 583 F. Supp. 3d at 760).
[24] R. Doc. 634 at p. 27 (citing *United States v. Reed*, 908 F.3d 102, 115, n.42 (5th Cir. 2018)).
[25] R .Doc. 634 at p. 27 (citing *Edlind*, 87 F.3d at 175–76; 18 U.S.C. § 1512(e)).
[26] R. Doc. 669 at pp. 2–3.
[27] *Id*. at p. 2.
[28] *Id*. at p. 3.
[29] *Id*.

## II.    LEGAL STANDARD

### A.  Motion to Dismiss Indictment

Federal Rule of Criminal Procedure 7(c) requires an indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged," and to state for each count, "the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated."[30]  As explained by the Fifth Circuit, "[u]nder the Sixth Amendment, an indictment must '(1) enumerate each prima facie element of the charged offense; (2) inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions.'"[31]  According to the Fifth Circuit, "an indictment is sufficient if it 'contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend.'"[32]  "It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges."[33]  "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged."[34]

Rule 12(b) of the Federal Rules of Criminal Procedure permits a defendant to raise by a pretrial motion, "[a]ny defense, objection, or request that the court can

---

[30] Fed. R. Crim. P. 7(c)(1).

[31] *United States v. Guzman-Ocampo*, 236 F.3d 233, 236 (5th Cir. 2000) (quoting *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996)).

[32] *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *Unites States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)).

[33] *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978).

[34] *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (quoting *United States v Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000), *overruled on other grounds by United States v Longoria*, 298 F.3d 367 (5th Cir. 2002)) (citation modified)); *See United States v. Massey*, 849 F.3d 262, 264 (5th Cir. 2017) (same).

determine without a trial on the merits."[35]  In the instant Motion, Defendants seek dismissal of Counts 8 and 9 of the Third Superseding Indictment as "unconstitutionally vague as charged."[36]  Although not addressed by the parties, Defendants fail to specify which provision of Fed. R. Crim. P. 12(b) forms the basis of their request for dismissal.[37]  In fact, there is no mention of Rule 12(b) at all in Defendants' Motion or Reply brief.[38]  While not a model of clarity, Defendants seem to assert that Counts 8 and 9 of the Third Superseding Indictment should be dismissed because they charge Defendants with "corruptly influenc[ing]" the grand jury investigation into the staged collision scheme "by secretly recording Roderick Hickman" and "corruptly persuad[ing] and engag[ing] in misleading conduct" with the intent to influence, delay, and prevent Hickman's testimony in the grand jury's investigation.[39]  As such, the Court construes the instant Motion as seeking dismissal under Rule 12(b)(3)(B)(ii) for lack of specificity and Rule 12(b)(3)(B)(v) for failure to state an offense.

According to the Fifth Circuit, "[t]he propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact . . . .  If a question of law is involved, then consideration of the motion is generally

---

[35] Fed. R. Crim. P. 12(b)(1).
[36] R. Doc. 582 at p. 2.
[37] *See, generally*, R. Docs. 582, 582-1, & 669.
[38] *See* R. Docs. 582 & 582-1.
[39] R. Doc. 582-1 at pp. 2–4.

proper."[40]  When considering a motion to dismiss the indictment for failure to state an offense, a court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated."[41]  Additionally, "[a] court must deny a motion to dismiss if the motion relies on disputed facts."[42]

### B. Motion to Strike Surplusage

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."  "The mere fact that information in an indictment does not constitute an element of the charged offense does not require that it be stricken."[43]  Instead, "[s]urplusage in an indictment may generally be disregarded where the charge is not materially broadened and the accused is not misled."[44]  The Fifth Circuit has held that, "[f]or language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial."[45]  According to the Fifth Circuit, "[t]he inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the separate counts

---

[40] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005), *abrogated on other grounds as recognized by United States v. Garcia*, 707 Fed.Appx. 231 (5th Cir. 2017)).

[41] *United States v. USPlabs, LLC*, 338 F. Supp. 3d 547, 557 (N.D. Tex. 2018) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)) (citation modified).

[42] *USPlabs, LLC*, 338 F. Supp. 3d at 557 (citing *United States v. Covington,* 395 U.S. 57, 60, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969) (holding that a court can resolve a pretrial motion to dismiss the indictment only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense")).

[43] *United States v. Solomon*, 273 F.3d 1108 (5th Cir. 2001) (citing *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990)).

[44] *United States v. Trice*, 823 F.2d 80, 89 n.8 (5th Cir. 1987).

[45] *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).

involved surely can be prejudicial."[46]  The Fifth Circuit has made clear, however that, "[w]here information in an indictment is sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be."[47]  Further, "[t]his standard is 'exacting' and strict, and as a result, the motion is rarely granted."[48]

## III.  ANALYSIS

### A. Constitutional Challenges to the Third Superseding Indictment

The heading of Defendants' Motion to Dismiss provides, in pertinent part, "Defendants', The King Firm and Jason Giles, Motion to Dismiss Count 8 (Corruptly Influence . . . *By Secretly Recording*) and Count 9 (Corruptly Persuade) of the Third Superseding Indictment Which Are Unconstitutionally Vague As Charged."[49]  According to the Motion, Defendants "move to dismiss Counts 8 and 9 of the Third Superseding Indictment as unconstitutionally vague as charged (i.e., '<u>corruptly influence</u> . . . by <u>secretly recording</u> Hickman . . .)' . . . ."[50]  The Memorandum in Support, however, is silent as to an "unconstitutionally vague as charged" challenge to the Third Superseding Indictment.[51]  Nor do Defendants assert that the charging statutes in Counts 8 and 9, 18 U.S.C. §§ 1503(a) or 1512(b)(1), are unconstitutionally vague.  Defendants raise no arguments to support this challenge, nor do they provide

---

[46] *Bullock*, 451 F.2d at 888.

[47] *Solomon*, 273 F.3d 1108 (citing *Scarpa*, 913 F.2d at 1013).

[48] *United States v. Edwards*, 72 F. Supp. 2d 664, 667 (M.D. La. 1999) (citing *Bullock*, 451 F.2d at 888; *United States v. Johnson*, Crim. A. No. 98-276, 1999 WL 551332 (E.D. La. June 10, 1999) (Sear, J.); *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997)).  *See also* 1 Charles A. Wright, Federal Practice and Procedure, § 127 at p. 639 (3d ed. 1999).

[49] R. Doc. 582 at p. 1.

[50] *Id*. at p. 2 (emphasis in original).  *See Id*. at p. 3 ("WHEREFORE, Defendants move to dismiss Counts 8 and 9 as unconstitutionally vague or, in the alternative, to strike the highly prejudicial language form the Indictment . . . .").

[51] *See, generally,* R. Doc. 582-1.

any legal support for same.  Thus, any purported challenge to the Third Superseding Indictment as "unconstitutionally vague as charged" is denied.

The Court likewise points out that Defendants, relying upon one sentence in Justice Barrett's dissenting opinion in *Fischer v. United States*, assert that they "filed the instant First Amendment challenge to the above language in the Indictment.  It is submitted that the Congress did not intend that the mere act of recording a government witness, <u>without the witness's consent</u>, was a <u>corrupt</u> action."[52] Defendants further assert that, "[u]nder both Federal and Louisiana state law, a defendant can engage in lawful recording of a government witness, and that act cannot be considered 'corruptly influencing' the witness."[53]  Defendants claim that, "the decision focused on 18 USC § 1503(c) of the statute," and that Chief Justice Roberts expressed concerns about the term "corruptly influencing" as it applies to lobbyists and/or protesters who, by nature, seek to "influence."[54]

As the Government correctly pointed out in its Opposition brief, 18 U.S.C. § 1503(c) is a nonexistent statute.[55]  Notably, Defendants failed to address this error in their Reply brief.[56]  More importantly, however, Defendants failed to address in their Reply brief the fact that *Fischer* concerned 18 U.S.C. § 1512(c)(2), an entirely different provision of the witness tampering statute than the one with which Defendants have been charged in Count 9 of the Third Superseding Indictment.  The Government

---

[52] R. Doc. 582-1 at p. 3 (citing *Fischer*, 603 U.S. 480, 144 S.Ct. 2176, 219 L.Ed.2d 911 (2024)) (emphasis in original).
[53] R. Doc. 582-1 at p. 3.
[54] *Id.* at p. 2.
[55] R. Doc. 634 at p. 24.
[56] *See* R. Doc. 669.

correctly pointed this out in its Opposition brief, advising that Defendants are charged in Counts 8 and 9 with violations of 18 U.S.C. §§ 1503(a) and 1512(b)(1), respectively.[57]  While Defendants assert that *Fischer* "narrowed the scope of the *obstruction of justice* statute," which purportedly supports their request to strike Count 8,[58] Defendants misstate the holding in *Fischer* and seem to confuse the crimes charged in Counts 8 and Count 9 of the Third Superseding Indictment.  The Court first points out that *Fischer* narrowed the scope of 18 U.S.C. § 1512(c)(2), a catchall provision of the witness tampering statute, and not the statute at issue in this case.[59] Further, as pointed out by the Government, *Fischer* is "a January 6th case involving different statutes and wildly different facts."[60]  The Court further points out that Count 8 charges Defendants with obstruction of justice in violation of 18 U.S.C. § 1503(a), and Count 9 charges Defendants with witness tampering in violation of 18 U.S.C. § 1512(b)(1).[61]  To be clear, *Fischer* does not address the scope of § 1512(b)(1), the statute under which the Defendants are charged, or the statutory language "corruptly persuades" contained therein, which Defendants seem to be challenging in their Motion.[62]

In their brief in support, Defendants state, "[a]ccordingly, the Defendants filed the instant First Amendment challenge to the above language in the Indictment."[63] Defendants cite part of one sentence and one other sentence from Justice Barrett's

---

[57] R. Doc. 634 at p. 24.
[58] R. Doc. 582-1 at pp. 2–3 (emphasis added).
[59] *See* 18 U.S.C. § 1512(c)(2).
[60] R. Doc. 634 at p. 24.
[61] R. Doc. 517 at p. 21.
[62] *See* 18 U.S.C. § 1512(b)(1).
[63] R. Doc. 582-1 at p. 3.

dissenting opinion in *Fischer* to support that passing, "First Amendment challenge."[64]
Defendants' reliance upon *Fischer* is inapposite.   Defendants fail to include the
context of Justice Barrett's dissenting opinion, in which she states the following:

> The Court concludes with an appeal to consequences: Construing [18
> U.S.C. § 1512] (c)(2) broadly would "expose activists and lobbyists alike
> to decades in prison." *Ante*, at 2189.  This fear is overstated.
>
> To begin with, the Court ignores that [18 U.S.C. § 1512] (c)(2) requires
> proof that a defendant acted "corruptly."  The meaning of this term is
> unsettled, but all of its possible definitions limit the scope of liability.
> On one proposed interpretation, a defendant acts corruptly by "using
> unlawful means, or acting with an unlawful purpose, or both."   On
> another, a defendant acts "corruptly" if he "acts with an intent to procure
> an unlawful benefit either for himself or for some other person."  Under
> either, the "corruptly" element should screen out innocent activists and
> lobbyists who engage in lawful activity.  And if not, those defendants
> can bring as-applied First Amendment challenges.[65]

It is clear from the text that Justice Barrett is suggesting that lobbyists and "innocent
activists," such as protesters, can bring a First Amendment challenge if they are
charged with violating 18 U.S.C. § 1512(c)(2) for their speech.  Defendants fail to
explain how that may apply in this case, or how their alleged actions of secretly
recording someone else's statements fall into the same category as "innocent activists
and lobbyists."  Defendants assert no other arguments in support of their purported
"First Amendment challenge" to the Third Superseding Indictment.[66]  Finding no
other support for their position, the Court denies the Motion to the extent Defendants

---

[64] R. Doc. 582-1 at p. 3 (citing *Fischer*, 603 U.S. at 519, 144 S.Ct. 2176) (Barrett, J.)).
[65] 603 U.S. at 518–19, 144 S.Ct. 2176 (citation modified).
[66] *See, generally*, R. Docs. 582 & 582-1.

assert a "First Amendment challenge" to Counts 8 or 9 of the Third Superseding Indictment.[67]

## B. Motion to Dismiss Count 8: Obstruction of Justice, in Violation of 18 U.S.C. § 1503(a)

Defendants are charged in Count 8 of the Third Superseding Indictment with obstruction of justice, in violation of 18 U.S.C. §§ 1503(a) and 2.[68]  Section 1503(a) provides, in pertinent part, that, "[w]hoever . . . corruptly . . . influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b)."  According to the Fifth Circuit, the Government must establish three essential elements to prove a violation of § 1503: "(1) that a judicial proceeding was pending; (2) that the defendant had knowledge of the judicial proceeding; and (3) that the defendant acted corruptly with the specific intent to influence, obstruct, or impede that judicial proceeding in its due administration of justice."[69]  The Fifth Circuit has held that, "[t]he last element also requires a nexus between the act and any possible obstruction."[70]  The Fifth Circuit has also clarified that, "[t]he Government need not establish that the conduct . . . actually affected the judicial proceeding, but only that the conduct could have."[71]

---

[67] The Court feels compelled to remind Defendants that, "Judges are not like pigs, hunting for truffles buried in [the record]." *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702 (7th Cir. 2010) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) (citation modified).

[68] R. Doc. 517 at p. 21.

[69] *United States v. Richardson*, 676 F.3d 491, 502 (5th Cir. 2012) (citing *United States v. De La Rosa*, 171 F.3d 215, 220–21 (5th Cir. 1999)).  *See Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 n.4 (5th Cir. 2015) (same).

[70] *United States v. Jena*, 478 Fed.Appx. 99, 100 (5th Cir. 2012) (citing *United States v. Aguilar*, 515 U.S. 593, 599, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995)).

[71] *Jena*, 478 Fed.Appx. at 102.

In Count 8 of the Third Superseding Indictment, the Government alleges the following:

> On or about October 19, 2020, in the Eastern District of Louisiana, the defendants, **JASON F. GILES** and **THE KING FIRM, LLC,** did corruptly influence, obstruct, and impede, and did endeavor to influence, obstruct and impede, the due administration of justice in the Grand Jury's investigation into the staged collision scheme by secretly recording Roderick Hickman and manipulating him into falsely stating that the collisions Hickman and Labeaud staged were legitimate, in violation of Title 18 United States Code, Sections 1503(a) and 2.[72]

In Count 1 of the Third Superseding Indictment, the Government alleges that Labeaud and Hickman staged collisions for Defendants between 2011 and 2017, that Defendants knew the collisions were staged, and that Defendants paid Hickman and Labeaud for bringing them staged collisions.[73]  The Government alleges that in or around 2019, Defendants "became aware of the federal criminal investigation into the staged collision scheme."[74]  The Government also alleges that at the time of secretly recording Hickman's manipulated statement, Defendants "were aware that Hickman was a defendant in a federal criminal case involving the staged collision scheme," that Defendants "were also aware that Hickman was represented by a criminal defense attorney," and that Defendants "elicited statements from Hickman about the collisions he and Labeaud staged without Hickman's criminal defense attorney present."[75]

---

[72] R. Doc. 517 at p. 21.
[73] *Id*. at pp. 7–10.
[74] *Id*. at p. 11, ¶ 17.
[75] *Id*. at ¶ 20.

Taking the allegations of the Third Superseding Indictment as true, as the Court is required to do,[76] the Court finds that Count 8 sufficiently states an offense under 18 U.S.C. § 1503(a) because it sets forth all three elements of the offense. The Government has alleged that there was a pending federal investigation into the staged collision scheme, that Defendants were aware of the investigation at the time they recorded Hickman's statement, and that Defendants acted corruptly with the specific intent to influence the investigation by secretly recording Hickman and manipulating him into falsely stating that the collisions he and Labeaud staged were legitimate. While Defendants challenge the "secretly recorded" language in Count 8, Defendants ignore the fact that Count 8 alleges that they manipulated Hickman into falsely stating that the collisions he and Labeaud staged were legitimate.[77] The Court finds that Count 8 tracks the language of § 1503(a), and that all of the required elements are included in the statutory language. According to the Fifth Circuit, "[a]s long as the statutory language of the charged offense unambiguously sets out all the necessary elements, an indictment setting forth the offense in the words of the statute itself is generally sufficient."[78] The Court finds that Count 8 of the Third Superseding Indictment contains the essential element of obstruction of justice under 18 U.S.C. § 1503(a) and fairly informs Defendants of the charge against them so that Defendants can defend against the charge. Accordingly, to the extent Defendants seek to dismiss

---

[76] *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).
[77] R. Doc. 517 at p. 21.
[78] *United States v. Hagemann*, 950 F.2d 175, 183 (5th Cir. 1991).

Count 8 of the Third Superseding Indictment, whether under Fed. R. Crim. P. 12(b)(3)(B)(iii) and/or 12(b)(3)(B)(v), the Motion is denied.

### C. Motion to Dismiss Count 9: Witness Tampering, in Violation of 18 U.S.C. § 1512(b)(1)

Defendants are charged in Count 9 of the Third Superseding Indictment with witness tampering, in violation of 18 U.S.C. § 1512(b)(1). Section 1512(b)(1) provides, in pertinent part that, "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding" shall be fined or imprisoned not more than 20 years, or both. According to the Fifth Circuit, the Government must establish three essential elements to prove a violation of § 1512(b)(1): (1) that the defendant corruptly persuaded or attempted to persuade another person; (2) that the defendant acted knowingly and with intent to dishonestly influence, delay, or prevent a witness' testimony with respect to an official proceeding; and (3) that the defendant knew or foresaw that the official proceeding was pending or was likely to be instituted.[79]

The term "corruptly persuades" is defined in 18 U.S.C. § 1515(a)(6) as "acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information." Section 1515(a) defines "official proceeding" to include, among other things, a proceeding before a judge or court of the United States,

---

[79] Fifth Circuit Pattern Instructions (Criminal), § 2.64 (2024).

a United States magistrate judge, or a federal grand jury.[80]  Section 1515(a) further defines "misleading conduct" to include knowingly making a false statement, intentionally omitting information from a statement and thereby causing a portion of the statement to be misleading or intentionally concealing a material fact and creating a false impression by such statement, with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity, or knowingly using a trick, scheme, or device with intent to mislead.[81]  The Fifth Circuit has held that, "[t]o be convicted under § 1512, a defendant must be able to foresee an official proceeding when he tampers with a witness, but there is no requirement that the defendant foresee the nature of the authority initiating that proceeding, as the text of § 1512 makes plain . . . ."[82]

In Count 9 of the Third Superseding Indictment, the Government alleges the following:

> On or about October 19, 2020, in the Eastern District of Louisiana, the defendants, **JASON F. GILES** and **THE KING FIRM, LLC,** did knowingly corruptly persuade and engage in misleading conduct toward, and attempt to corruptly persuade and engage in misleading conduct toward, Roderick Hickman with the intent to influence, delay, and prevent Hickman's testimony in an official proceeding, to wit, the

---

[80] 18 U.S.C. § 1515(a)(1).
[81] 18 U.S.C. § 1515(a)(3).
[82] *United States v. Vargas*, 4 F.4th 616, 626 (5th Cir. 2021) (citation modified).

Grand Jury's investigation into the staged collision scheme, in violation
of Title 18, United States Code, Sections 1512(b)(1) and 2.[83]

Taking the allegations of the Third Superseding Indictment as true, as the
Court is required to do,[84] the Court finds that Count 9 sufficiently states an offense
under 18 U.S.C. § 1512(b)(1) because it sets forth all three elements of the offense.
The Government has alleged that Defendants corruptly persuaded and engaged in
misleading conduct by secretly recording Hickman and manipulating him into falsely
stating that the collisions he and Labeaud staged were legitimate, and did so with
the intent to influence, delay, or prevent Hickman's testimony in the grand jury's
investigation into the staged collision scheme. The Court therefore finds that Count
9 tracks the language of 18 U.S.C. § 1512(b)(1), and all of the required elements are
included in the statutory language. Accordingly, Count 9 of the Third Superseding
Indictment contains the essential element of witness tampering under § 1512(b)(1)
and fairly informs Defendants of the charge against them so that Defendants can
defend against the charge. To the extent Defendants seek to dismiss Count 9 of the
Third Superseding Indictment whether under Fed. R. Crim. P. 12(b)(3)(B)(iii) and/or
12(b)(3)(B)(v), the Motion is denied.

### D. Alternative Motion to Strike Surplus Language in Counts 1, 8, and 9 of the Third Superseding Indictment

Defendants assert in their Motion that if the Court does not dismiss Counts 8
and 9, it should strike "the highly prejudicial language" from Counts 1, 8, and 9 of

---

[83] R. Doc. 517 at pp. 21–22.
[84] *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

the Third Superseding Indictment.[85]  Defendants ask the Court to strike the word "secretly" from Counts 8, 9, and 1(D), Paragraphs 16 and 20, and to strike "without Hickman's knowledge" and "without Hickman's criminal defense attorney present" from Count 1(D), Paragraph 20.[86]  The Government claims that this language is not improper surplusage because Defendants' "sneakiness is important context for establishing that they knew what they were doing was wrong, particularly for their recording of Hickman without his counsel present."[87]

The Court finds that the foregoing language could potentially be confusing to the jury since, as Defendants point out and the Government does not contest, it is not illegal under Louisiana or federal law to record a conversation without the other person's consent.[88]  Nonetheless, to be stricken, the alleged surplusage must be irrelevant, inflammatory, *and* prejudicial.[89]  While the contested language may be potentially confusing, the Court does not find that the language is irrelevant, inflammatory and prejudicial.  Instead, the Court finds that it may be relevant as helpful context for the crimes charged in Counts 8 and 9 of the Third Superseding Indictment.  As pointed out by the Government, the Government contends that "Giles, an experienced trial attorney, secretly recorded two of his clients and manipulated them into making statements that were both false and favorable to Giles and The King Firm" when Giles and The King Firm knew that staged collisions were

---

[85] R. Doc. 582 at pp. 2 & 3.
[86] *Id.*
[87] R. Doc. 634 at p. 27.
[88] *See* La. R.S. 15:1303(C)(4); 18 U.S.C. § 2511(2)(d).
[89] *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).

being investigated, knew that Labeaud had already been charged and pleaded guilty, and further knew that Hickman had been charged and was represented by counsel.[90] The Government also contends that Giles made multiple false statements on the recordings.[91]  As the Fifth Circuit has pointed out in similar cases, "intent 'will almost always have to be established by circumstantial evidence.'"[92]  Further, and importantly, the jury will be given instructions that will make clear to them what Defendants are actually charged with and the elements of each charge that must be proven by the Government.  This cures any potential prejudice from any alleged surplusage.  As such, the Court finds that Defendants have failed to satisfy the "exacting" and strict standard required to strike information from the Third Superseding Indictment, and denies their request to strike such language from Counts 1, 8, and 9.

### E. Affirmative Defense Under 18 U.S.C. § 1512(e)

Although somewhat ambiguous, Defendants seem to assert that they have an affirmative defense to witness tampering charged in Count 9 of the Third Superseding Indictment, namely that Giles' actions in recording Hickman's statement was lawful conduct intended to encourage Hickman to testify truthfully pursuant to 18 U.S.C. § 1512(e).[93]  In their Reply brief, Defendants seem to suggest that their prior counsel "were involved in the 'prior recordings'" and that Defendants,

---

[90] R. Doc. 634 at p. 26.
[91] *Id.* at p. 27.
[92] *United States v. Jena*, 478 Fed.Appx. 99, 101–02 (5th Cir. 2012) (quoting *United States v. Sandlin*, 589 F.3d 749, 755 (5th Cir. 2009)).
[93] R. Doc. 582-1 at pp. 7–9.

therefore "would have a reasonable basis to believe such conduct of recording the conversations was legal."[94]  The Government asserts that it "strains credulity" that Defendants were encouraging Labeaud and Hickman to be truthful when Giles made multiple false statements on the recordings.[95]  The Government further asserts that whether Defendants were sincere when they told Hickman and Labeaud to be truthful is a question for the jury, and that Defendants have the burden of establishing it at trial.[96]

Title 18 U.S.C. § 1512(e) provides an affirmative defense for obstruction of justice, stating that, "[i]t is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully."  The affirmative defense set forth in § 1512(e) is one that Defendants must prove at trial by a preponderance of the evidence. As such, it is not a basis for dismissing Count 9 of the Third Superseding Indictment. The Supreme Court has instructed that, "where Congress has enacted an affirmative defense in the proviso of a statute, the settled rule in this jurisdiction is that an indictment or other pleading . . . need not negative the matter of an exception made by a proviso or other distinct clause . . . and that it is incumbent on one who relies on such an exception to set it up and establish it."[97]  Stated another way, "[i]t has never

---

[94] R. Doc. 669 at p. 3.
[95] R. Doc. 634 at p. 27.
[96] *Id.*
[97] *Dixon v. United States*, 548 U.S. 1, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006) (quoting *McKelvey v. United States*, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301 (1922)) (citation modified).

been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses."[98]  Accordingly, any challenge to the Third Superseding Indictment based upon the affirmative defense set forth in 18 U.S.C. § 1512(e) fails as a matter of law.[99]

## IV.    CONCLUSION

For the reasons set forth above, the Defendants', The King Firm and Jason Giles, Motion to Dismiss Count 8 (Corruptly Influence . . . *By Secretly Recording*) and Count 9 (Corruptly Persuade) of the Third Superseding Indictment Which Are Unconstitutionally Vague as Charged or, in the Alternative, Motion to Strike the Term: (1) "By *Secretly Recording Hickman*" Count 8, (2) "*Secretly Recording Labeaud*" (Count 1(D) Paragraph 16) and (3) "Without Hickman's Knowledge" Count 1(D) Paragraph 20[100] is **DENIED**.

New Orleans, Louisiana, February 26, 2026.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**

---

[98] *United States v. Sisson*, 399 U.S. 267, 288, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970) (citing *United States v. Fargas*, 267 F. Supp. 452, 455 (S.D.N.Y. 1967)).
[99] *See United States v. Crinel*, Crim. A. No. 15-61, 2015 WL 3755896, at *3 (E.D. La. June 16, 2015) (Morgan, J.) (denying motion to dismiss indictment as facially deficient because it fails to negate the applicability of the safe-harbor provision in the anti-kickback statute, which is an affirmative defense, and concluding that the Government has no obligation to anticipate and rule out every affirmative defense in the indictment).
[100] R. Doc. 582.